MICHAEL W. FEENBERG (SBN 185450)
mfeenberg@nemecek-cole.com
VIKRAM SOHAL (SBN 240251)
vsohal@nemecek-cole.com
**NEMECEK & COLE**
A Professional Corporation
16255 Ventura Boulevard, Suite 300
Encino, California 91436-2300
Tel: (818) 788-9500 / Fax: (818) 501-0328

Attorneys for Defendants/Third-Party Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A&I TRANSPORT, INC., a California corporation; A&I EXPRESS INC., a California corporation; and A&I TRANSPORT/A&I EXPRESS EMPLOYEE HEALTHCARE BENEFIT PLAN, an employee welfare benefit plan,<br><br>Plaintiffs,<br>v.<br>KG ADMINISTRATIVE SERVICES, INC., an Ohio corporation; THE KEISER GROUP, LLC, a California limited liability company; TRACEY KEISER, an individual; and ROBERT FRAZIER, an individual,<br><br>Defendants. | Case No.: 8:19-cv-01992-JLS-ADS<br><br>Assigned to: Hon. Josephine L. Staton<br><br>**THIRD-PARTY COMPLAINT FOR:**<br><br>1. **ERISA § 502(a)(3) CLAIM**<br>2. **BREACH OF ORAL CONTRACT**<br>3. **BREACH OF IMPLIED-IN-FACT CONTRACT**<br>4. **TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP**<br>5. **EQUITABLE INDEMNITY** |
| KG ADMINISTRATIVE SERVICES, INC., an Ohio corporation; THE KEISER GROUP, LLC, a California limited liability company; TRACEY KEISER, an individual; and ROBERT FRAZIER, an individual,<br><br>Third-Party Plaintiffs,<br>v.<br>PEOPLEASE, LLC, a South Carolina limited liability company,<br><br>Third-Party Defendant. | |

1

**THIRD-PARTY COMPLAINT**

Third-Party Plaintiffs KG Administrative Services, Inc. ("KG Admin"); The Keiser Group, LLC ("TKG"); Robert Frazier ("Frazier"); and Tracey Keiser ("Keiser") (collectively, "Third-Party Plaintiffs"), on behalf of themselves and each of them, hereby assert this Third-Party Complaint against PeopLease, LLC ("PeopLease") as follows:

## THE PARTIES

1. KG Admin is an Ohio corporation that does business in the State of California.

2. TKG is a California limited liability company with its principal place of business in California.

3. Frazier is an individual who resides in the County of Riverside in the State of California. Frazier is the President of KG Admin.

4. Keiser is an individual who resides in the County of Riverside in the State of California. Keiser is the Chief Executive Officer of TKG.

5. Third-Party Plaintiffs are informed and believe, and based thereon allege, that PeopLease is a South Carolina limited liability company with its principal place of business in Mount Pleasant, South Carolina.

## JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this civil action pursuant to 29 U.SC. §§ 1331 and 1332. Plaintiffs' claim in the Complaint arise under ERISA.

7. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the derivative claims under California common law and other California statutes.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a), (b) and (c).

## BASIS FOR FRCP RULE 14 THIRD-PARTY COMPLAINT

9. On October 18, 2019, Plaintiffs A&I Transport, Inc., A&I Express Inc.

(collectively as "A&I") and A&I Transport/A&I Express Employee Healthcare Benefit Plan (the "Plan," collectively with A&I as "Plaintiffs") filed a Complaint against Third-Party Plaintiffs in the instant action. Third-Party Plaintiffs incorporate by reference, <u>but do not admit</u>, Plaintiffs' allegations set forth in the Complaint.

10. In the Complaint, Plaintiffs allege that the Third-Party Plaintiffs agreed to act as the third-party administrator ("TPA") for the Plan. Plaintiffs further allege that they have suffered damages attributable to, *inter alia*, Third-Party Plaintiffs' alleged failure to properly administer the Plan and timely pay the claims of the Plan's members. The Third-Party Plaintiffs deny any such liability or wrongdoing, but contend that said alleged damages, if any can be proven, are attributable in part or in full to the acts, errors, omissions and other misconduct of PeopLease. Accordingly, if Plaintiffs recover any damages as a result of the alleged mismanagement of the Plan, PeopLease will in turn be liable to the Third-Party Plaintiffs for Plaintiffs' claims.

**GENERAL ALLEGATIONS**

11. Third-Party Plaintiffs are informed and believe, and based thereon allege, that A&I is, and during all times relevant hereto was, a general freight trucking company that provides general freight shipping and transportation services. A&I offers, and during all relevant times offered, healthcare benefits to its employees through the Plan – a self-funded health benefits plan. Third-Party Plaintiffs are informed and believe, and based thereon allege, that the Plan is an ERISA governed employee welfare benefit plan pursuant to 29 U.S.C. § 1002(1).

12. Third-Party Plaintiffs are informed and believe, and based thereon allege, that PeopLease is a national professional employer organization ("PEO") that claims to be an expert in the trucking industry. Through a co-employment model, PeopLease provides a broad range of services and solutions to its clients, including safety and risk management, workers' compensation, payroll and financial administration, legal and regulatory compliance, human resources, and benefits

3
**THIRD-PARTY COMPLAINT**

administration. On its website, PeopLease advertises its employee benefits administration services as follows:

> With healthcare costs continuing to rise, benefit plans are becoming a large part of a company's budget as well as becoming a recruitment and retention factor. PEOPLEASE offers customized benefits plans tailored to what works best for your company. Our dedicated specialists handle all benefit administration including enrollment process, payroll deductions, reconciliations and payment for those who choose our programs. I addition, we will consult with clients on any implications of the Affordable Care Act . . . and provide guidance on compliant healthcare plans and approaches.[1]

13. Third-Party Plaintiffs are informed and believe, and based thereon allege, that at some time prior to December 2013, PeopLease contracted with several trucking companies, including A&I, to act as the co-employer of those companies' employees. As the PEO, PeopLease was responsible for, among other things, providing employees to the trucking companies, managing their payroll, and managing and performing other human resources functions. PeopLease also offered the trucking companies, including A&I, various services in relation to their employee healthcare plans, including assistance with development and implementation of the plans, employee enrollments, the withholding, the depositing and hiring of a TPA. Third-Party Plaintiffs are informed and believe, and based thereon allege, that PeopLease used an outside third-party administrator to administer the healthcare plans of its customers, including A&I.

14. Third-Party Plaintiffs are informed and believe that, in or about 2013, PeopLease became dissatisfied with the third-party administrator who was administrating its customers' healthcare plans. On or about December 1, 2013, PeopLease entered into a consulting agreement (the "Business Services Agreement") with TKG whereby TKG agreed to, among other things, "Analyze and evaluate the current employee benefits plans, for correction and improvement, where

---

[1] https://www.peoplease.com/solutions/benefits/ (last visited June 26, 2020).

**THIRD-PARTY COMPLAINT**

appropriate . . . Develop, present and implement new and competitive benefit plan options . . . [and] Assist [PeopLease] in administering all group insurance plans . . . ." The contract further provided for PeopLease to assign "Broker of Record" status to TKG, giving TKG "permission to contact current employee benefit vendors on [PeopLease's] behalf."

15. The Business Services Agreement also provided for TKG to outsource certain claims management work to appropriate service providers, but only after obtaining PeopLease's approval. In or about 2014, after PeopLease terminated its relationship with the third-party administrator it was using at the time, PeopLease approved KG Admin to act as the third-party administrator for its clients' self-funded healthcare plans. Although there was no written contract reflecting that business arrangement, PeopLease, TKG and KG Admin orally and impliedly agreed that PeopLease would handle all communications with its clients, TKG would assist PeopLease with the development and implementation of the employee healthcare benefit plans, and KG Admin would provide TPA services to the plans, including processing of claims. Under the arrangement, PeopLease presented the KG Admin's service agreements to its clients, PeopLease answered clients' questions regarding eligibility, PeopLease determined and made appropriate employee deductions, PeopLease obtained and provided information to KG Admin regarding new employee enrollments and the terminated employees, and all premium payments were paid by the employer clients to PeopLease. The arrangement provided for PeopLease to timely forward the premium payments to KG Admin for timely payments of healthcare claims and other payments to the Plan's vendors.

16. Pursuant to the parties oral and implied agreement, PeopLease presented the service agreements on behalf of KG Admin to its employer clients, including A&I. Thereafter, KG Admin provided TPA services to those clients through PeopLease, and PeopLease provided KG Admin with monthly premiums on behalf of its clients.

17. For A&I, PeopLease sent monthly premiums on behalf of A&I to KG Admin to provide TPA services to the Plan. During this period, PeopLease repeatedly failed to timely release the monthly premiums to KG Admin on behalf of A&I. In addition, PeopLease failed to timely provide information to KG Admin regarding A&I's employees who were no longer employed by the company, resulting in several of A&I's former employees remaining on the Plan months after their employment was terminated by A&I. KG Admin is informed and believes that A&I and PeopLease intended to delay providing that information to KG Admin so that they could keep certain employees on the Plan even though those employees were no longer working for A&I.

18. PeopLease's repeat failures to timely pay the premiums on behalf of A&I and to timely convey information to KG Admin regarding the terminated employees resulted in, *inter alia*, the underfunding of the Plan and prevented KG Admin from timely making certain claim payments on behalf of the Plan.

19. In the Complaint, A&I alleges that the Third-Party Plaintiffs "failed to properly process an unknown number of legitimate claims for health care benefits by its employees." KG Admin denies that allegation and further contends that any issues pertaining to payment of claims were caused by PeopLease's failure to timely forward to KG Admin the funds and information required to keep the Plan funded and to timely process the claim payments. In addition, KG Admin is informed and believes, and based thereon alleges, that PeopLease intentionally withheld from KG Admin information regarding A&I's former employees in order to have the Plan pay the claims for those former employees even though they were not employed by A&I at the times the claims accrued.

## FIRST CAUSE OF ACTION – ERISA § 502(a)(3) CLAIM
### (By Third-Party Plaintiffs Against PeopLease)

20. Third-Party Plaintiffs incorporate and re-allege each and every allegation set forth in Paragraphs 1-19, *supra*.

21. Third-Party Plaintiffs bring this Third-Party Complaint against PeopLease pursuant to ERISA § 502(a)(3) for appropriate equitable relief. To the extent that the Court determines that one or more of the Third-Party Plaintiffs is liable for breach of fiduciary duty or other violation under ERISA, the Third-Party Plaintiffs seek equitable relief, including indemnity and/or contribution, from PeopLease to the extent PeopLease is liable for breaching its own fiduciary obligations or for knowingly participating in a breach by one or more of the Plaintiffs.

22. PeopLease' responsibilities, acts and omissions described above involved the exercise of discretionary authority or control over the management or administration of the Plan. As a result, at all relevant times, PeopLease was a fiduciary of the Plan under ERISA.

23. By the responsibilities, actions and omissions as described above, PeopLease: (a) failed to act with care, skill prudence and diligence under the circumstances then prevailing that a prudent man in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; (b) failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration; and (c) failed to act in accordance with the documents and instruments governing the Plan.

24. Third-Party Plaintiffs assert that if they are determined to be fiduciaries and are determined to have liability for the violations alleged in the Complaint, they are entitled to equitable relief from PeopLease for such liability resulting from any of PeopLease's breaches of its fiduciary duties or from its contribution to or participation in any other party's breach of duty.

## SECOND CAUSE OF ACTION - BREACH OF ORAL CONTRACT
### (By KG Admin Against PeopLease)

25. Third-Party Plaintiffs incorporate and re-allege each and every

allegation set forth in Paragraphs 1-24, *supra*.

26. In or about 2014, after PeopLease terminated its relationship with the third-party administrator it was using at the time, PeopLease approved KG Admin to act as the third-party administrator for its clients' self-funded healthcare plans. Although there was no written contract reflecting that business arrangement, PeopLease and KG Admin orally agreed that PeopLease would handle all communications with its clients, TKG would assist PeopLease with the development and implementation of the employee healthcare benefit plans, and KG Admin would provide TPA services to the plans, including processing of claims. Under the arrangement, PeopLease presented the KG Admin's service agreements to its clients, PeopLease answered clients' questions regarding eligibility, PeopLease determined and made appropriate employee deductions, PeopLease obtained and provided information to KG Admin regarding new employee enrollments and information regarding the terminated employees who should be taken off the plans, and all premium payments were paid by the employer clients to PeopLease. The arrangement provided for PeopLease to timely forward the premium payments to KG Admin for timely payments of healthcare claims and other vendors. The arrangement also provided for PeopLease to timely and accurately provide information regarding new employees and terminated employees so that the employee enrollment would be accurate and current.

27. KG Admin performed each and every condition, covenant and obligation required on its part to be performed in accordance with the terms and conditions of the oral agreement except for matters that are excused as a matter of law, excused by breaches of PeopLease, and/or prevented from performing by KG Admin.

28. PeopLease breached the oral agreement by, among other things, repeatedly failing to timely release the monthly premiums to KG Admin on behalf of A&I. In addition, PeopLease failed to timely provide information to KG Admin

**THIRD-PARTY COMPLAINT**

regarding A&I's employees who were no longer employed by the company, resulting in several of A&I's former employees remaining on the Plan months after their employment was terminated by A&I. KG Admin is informed and believes that A&I and PeopLease intended to delay providing that information to KG Admin so that they could keep certain employees on the Plan even though those employees were no longer working for A&I and/or contributing towards the Plan. PeopLease's repeat failures to timely pay the premiums on behalf of A&I and to timely convey information to KG Admin regarding the terminated employees resulted in, *inter alia*, the underfunding of the Plan and prevented KG Admin from timely making certain claim payments on behalf of the Plan

29. As a direct, proximate, and foreseeable result of PeopLease's breach of the oral contract, KG Admin has suffered harm, including but not limited to, the attorneys' fees, court costs, and other expenses it has incurred (and continues to incur) in connection with the Complaint. PeopLease's breach of the oral contract was a substantial factor in causing KG Admin's harm.

## **THIRD CAUSE OF ACTION - BREACH OF IMPLIED-IN-FACT CONTRACT**

**(By KG Admin Against PeopLease)**

30. Third-Party Plaintiffs incorporate and re-allege each and every allegation set forth in Paragraphs 1-29, *supra*.

31. In or about 2014, after PeopLease terminated its relationship with the third-party administrator it was using at the time, PeopLease approved KG Admin to act as the third-party administrator for its clients' self-funded healthcare plans. Although there was no written contract reflecting that business arrangement, by their actions and conduct, and under the circumstances, PeopLease, on the one hand, and KG Admin, on the other hand, agreed that PeopLease would handle all communications with its clients, TKG would assist PeopLease with the development and implementation of the employee healthcare benefit plans, and KG Admin would

9

**THIRD-PARTY COMPLAINT**

provide TPA services to the plans, including processing of claims. Under the arrangement, PeopLease presented the KG Admin's service agreements to its clients, PeopLease answered clients' questions regarding eligibility, PeopLease determined and made appropriate employee deductions, PeopLease obtained and provided information to KG Admin regarding new employee enrollments and information regarding the terminated employees who should be taken off the plans, and all premium payments were paid by the employer clients to PeopLease. The arrangement provided for PeopLease to timely forward the premium payments to KG Admin for timely payments of healthcare claims and other vendors. The arrangement also provided for PeopLease to timely and accurately provide information regarding new employees and terminated employees so that the employee enrollment would be accurate and current.

32. KG Admin performed each and every condition, covenant and obligation required on its part to be performed in accordance with the terms and conditions of the implied-in-fact agreement except for matters that are excused as a matter of law, excused by breaches of PeopLease, and/or prevented from performing by KG Admin.

33. PeopLease breached the implied-in-fact agreement by, among other things, repeatedly failing to timely release the monthly premiums to KG Admin on behalf of A&I. In addition, PeopLease failed to timely provide information to KG Admin regarding A&I's employees who were no longer employed by the company, resulting in several of A&I's former employees remaining on the Plan months after their employment was terminated by A&I. KG Admin is informed and believes that A&I and PeopLease intended to delay providing that information to KG Admin so that they could keep certain employees on the Plan even though those employees were no longer working for A&I and/or contributing towards the Plan. PeopLease's repeat failures to timely pay the premiums on behalf of A&I and to timely convey information to KG Admin regarding the terminated employees resulted in, *inter alia*,

10

**THIRD-PARTY COMPLAINT**

the underfunding of the Plan and prevented KG Admin from timely making certain claim payments on behalf of the Plan

34. As a direct, proximate, and foreseeable result of PeopLease's breach of the implied-in-fact contract, KG Admin has suffered harm, including but not limited to, the attorneys' fees, court costs, and other expenses it has incurred (and continues to incur) in connection with the Complaint. PeopLease's breach of the implied-in-fact contract was a substantial factor in causing KG Admin's harm.

## FOURTH CAUSE OF ACTION – TORTIOUS INTERFERENCE WITH A CONTRACTUAL RELATIONSHIP
### (By KG Admin Against PeopLease)

35. Third-Party Plaintiffs incorporate and re-allege each and every allegation set forth in Paragraphs 1-34, *supra*.

36. In or about early 2016, KG Admin entered into an agreement with A&I pursuant to which it agreed to provide certain TPA services to the Plan (the "Service Agreement").

37. PeopLease was aware of the Service Agreement.

38. PeopLease engaged in misconduct which prevented or hindered the parties' performance of their duties under the Service Agreement. Among other things, PeopLease repeatedly failed to timely release the monthly premiums to KG Admin on behalf of A&I. In addition, PeopLease failed to timely provide information to KG Admin regarding A&I's employees who were no longer employed by the company, resulting in several of A&I's former employees remaining on the Plan months after their employment was terminated by A&I. KG Admin is informed and believes that PeopLease intended to delay providing that information to KG Admin so that A&I could keep certain employees on the Plan even though those employees were no longer working for A&I and/or contributing towards the Plan. PeopLease's repeat failures to timely pay the premiums on behalf of A&I and to timely convey information to KG Admin regarding the terminated

11
**THIRD-PARTY COMPLAINT**

employees resulted in, *inter alia*, the underfunding of the Plan and prevented KG Admin from timely performing certain TPA services for the Plan.

39. KG Admin is informed and believes, and based thereon alleges, that PeopLease knew that its misconduct would almost certainly interfere with KG Admin's performance of its duties under the Service Agreement.

40. PeopLease's conduct substantially caused harm to KG Admin.

## FIFTH CAUSE OF ACTION - EQUITABLE INDEMNITY
## (By Third-Party Plaintiffs Against PeopLease)

41. Third-Party Plaintiffs incorporate and re-allege each and every allegation set forth in Paragraphs 1-40, *supra*.

42. In this action, Plaintiffs allege that the Third-Party Plaintiffs agreed to act as the TPA for the Plan. Plaintiffs further allege that they have suffered damages attributable to, *inter alia*, Third-Party Plaintiffs' alleged failure to properly administer the Plan and timely pay the claims of the Plan's members.

43. Third-Party Plaintiffs have denied, and they continue to deny, that they were in any way were negligent, at fault, or otherwise responsible for any damages caused to Plaintiffs by the TPA services KG Admin provided to the Plan.

44. Notwithstanding Third-Party Plaintiffs' denial, to the extent that they are held liable or responsible for any alleged damages to Plaintiffs caused by the TPA services, Third-Party Plaintiffs are informed and believe, and based thereon allege, that PeopLease is legally responsible for any such damages. Among other things, and as alleged herein, PeopLease's misconduct caused the Plan to be underfunded which interfered with timely provision of certain TPA services.

45. If Third-Party Plaintiffs are held liable to Plaintiffs under the Complaint, then Third-Party Plaintiffs are entitled to indemnification by PeopLease for Plaintiff's damages.

46. Even though no judgment has been entered against, and paid by, Third-Party Plaintiffs, their claim for equitable indemnity is ripe and not premature. *See,*

*e.g., Postley v. Harvey*, 153 Cal. App. 3d 280, 285 (1984) ("[A] tort defendant may file a cross-complaint against a third party when the defendant properly alleges entitlement to indemnity from such a party, should the plaintiff prevail on the original complaint."); *Platt v. Coldwell Banker Residential Real Estate Services*, 217 Cal.App.3d 1439, 1446-47 (1990) (the fact that liability might be apportioned under comparative fault affirmative defense did not preclude the assertion of a cross claim for equitable indemnity against cross-defendant); *NuCal Foods, Inc. v. Quality Egg LLC*, 918 F. Supp. 2d 1037, 1042 (E.D. Cal. 2013) ("equitable indemnity claims may be pled in a cross-complaint before any defendant has been found liable"); *District v. James Davey and Associates, Inc.*, no. 13-cv-2727, 2017 WL 5983176, at *2 (S.D. Cal. Nov. 30, 2017) ("GCE also argues that JDA's claim for equitable indemnity is premature because JDA has not yet suffered loss through payment of the underlying claim. However, the cases cited by GCE to support its argument address when a cause of action for equitable indemnity accrues for statute of limitation purposes, not when a party may bring an equitable indemnity claim against a third party.")

WHEREFORE, Third-Party Plaintiffs pray for judgment against PeopLease as follows:

1. For such amount, if any, Third-Party Plaintiffs are found liable to Plaintiffs;

2. For equitable indemnity and contribution against PeopLease in the event that any amounts are found recoverable from Third-Party Complaint;

3. For a declaration that the legally responsible conduct of PeopLease contributed in some percentage as a proximate cause of Plaintiffs' damages, if any;

4. For a declaration of rights and duties between Third-Party Plaintiffs and PeopLease in the event that Third-Party Plaintiffs are held liable to Plaintiffs;

5. For a declaration that Third-Party Plaintiffs be completely indemnified and held harmless against any loss or expenses incurred by reason of the present

litigation;

6. For costs of suit incurred herein;

7. For such other and further relief as the Court may deem just and proper.

DATED: June 30, 2020                                   NEMECEK & COLE

                                        By:   /s/Vikram Sohal
                                              VIKRAM SOHAL
                                              Counsel for Defendants KG
                                              ADMINISTRATIVE SERVICES,
                                              INC.; THE KEISER GROUP, LLC;
                                              TRACEY KEISER; and ROBERT
                                              FRAZIER

NEMECEK & COLE
A PROFESSIONAL CORPORATION
16255 VENTURA BOULEVARD, SUITE 300, ENCINO, CALIFORNIA 91436-2300
TELEPHONE (818) 788-9500 FACSIMILE (818) 501-0328